UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

      v.                             Case No. 6:92-cr-188-Orl-22GJK

WENDY L. IRVING

### UNITED STATES  OPPOSITION TO SENTENCE REDUCTION

The United States responds to this Court s order directing the parties to confer and inform the Court whether, and to what extent, this Court should reduce the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the United States Sentencing Guidelines, which lowered the base offense levels for crack cocaine offenses.  The United States Probation Office's memorandum, dated October 26, 2011 ("Memorandum"), correctly states that, pursuant to 18 U.S.C. § 3582(c)(2) and USSG §1B1.10, the defendant is not eligible for a sentence reduction because her guidelines range would remain the same.  The defendant declines to stipulate to her ineligibility.

### Background

As explained more fully in the Memorandum and Presentence Investigation Report ("PSR"), the Court sentenced the defendant as a career offender under USSG §4B1.1.  See PSR ¶ 30.  Section 4B1.1 directs that a career offender's offense level is the greater of the offense levels under the career offender guideline and the "otherwise applicable" guideline.  USSG §4B1.1(b).  At the time of the defendant's sentencing (October 1993), her offense level was 42 under the drug quantity table and 37 under the career offender table.  See Judgment of Conviction at 5; Memorandum at 1; PSR ¶ 30.

Accordingly, her total offense level was 42.  See USSG §4B1.1(b).  The defendant's criminal history category was VI, see Judgment of Conviction at 5; PSR ¶ 37, and her guidelines range was 360 months to life in prison, see Judgment of Conviction at 5. The Court ordered her to serve 360 months in prison.  See Judgment of Conviction at 3.

In 2008, the probation office filed a memorandum in connection with Amendment 706 ("2008 Memorandum").  In that memorandum, the probation office stated that the Court had determined a *total* offense level of 38 in 1993.  See 2008 Memorandum at 1. The Court, however, had determined in 1993 that the defendant was accountable for at least 1.5 kilograms of crack cocaine, that her *base* offense level was 38, and that her *total* offense level was 42.  See Judgment of Conviction at 5.  (The defendant had received a four-level increase for her role in the offense.  PSR ¶ 25.)  Apparently, the probation office also overlooked the defendant's career offender status.  See 2008 Memorandum.  Due to these errors, the probation office calculated the new total offense level at 36 and the new guidelines range at 324 to 405 months in prison, and it recommended that the defendant was eligible for a sentence reduction.  See 2008 Memorandum.  Relying on the erroneous 2008 Memorandum, the United States agreed to the reduction.  Doc. 477.  Ultimately, the Court reduced the defendant's sentence to 324 months in prison.  Doc. 481.

### Memorandum

Section 3582(c) "is a limited and narrow exception to the rule that final judgments are not to be modified."  United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).  "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding."  Dillon v. United States, 130 S. Ct. 2683, 2690 (2010); see id. at 2691 ("Congress intended to authorize only a limited adjustment to an otherwise final

sentence and not a plenary resentencing proceeding."); accord United States v. Bravo, 203 F.3d 778, 780-82 (11th Cir. 2000). Therefore, subsection (c)(2) is not a proper vehicle for resentencing issues unrelated to a retroactive guideline amendment. See United States v. Melvin, 556 F.3d 1190,1193-94 (11th Cir. 2009).

Sentence reductions under section 3582(c)(2) are authorized only if the retroactive amendment actually has the effect of lowering the defendant's applicable guidelines range. USSG §1B1.10(a); accord Armstrong, 347 F.3d at 907-09. A court proceeding under section 3582(c)(2) must substitute "only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." USSG §1B1.10(b)(1). This procedure is binding on the courts. See Dillon, 130 S. Ct. at 2688.

As discussed above, the career offender guideline directed that the defendant's offense level was the greater of the offense levels under the drug quantity table and the career offender guideline. USSG §4B1.1(b). Accordingly, the career offender guideline dictated her offense level and, consequently, her sentencing guidelines range. See United States v. Marseille, 377 F.3d 1249, 1256 (11th Cir. 2004) (defendant was mistaken[] in arguing that because §4B1.1(b) did not produce the offense level the district court ultimately applied, . . . the career offender guideline was not applicable at all. ).

The defendant was held accountable in 1993 for 1.5 kilograms of crack cocaine, and she was a career offender.[1] See Judgment of Conviction at 5. Notwithstanding the

---

[1]Without the career offender status, the defendant's criminal history category would have been IV. PSR ¶ 36. Clearly, the Court found that she was a career

errors that occurred in 2008, if Amendment 750 were applied, the defendant's *base* offense level under the drug quantity table would become 34 and, with a four-level increase for her role in the offense (PSR ¶ 25), her *total* offense level would become 38 (which is still higher than the career offender level of 37).  With a total offense level 38 and a criminal history category VI, the defendant's guidelines range would remain 360 months to life in prison.  See USSG Ch. 5, Pt. A (sentencing table).

Even if the defendant's offense level under the drug quantity table dropped below 37, it would trigger the offense level under the career offender guideline.  See USSG §4B1.1(b) (career offender's offense level is the greater of the offense levels under the career offender guideline and the "otherwise applicable" guideline).  With a total offense level 37 and a criminal history category VI, the defendant's guidelines range would remain 360 months to life in prison.  See USSG Ch. 5, Pt. A (sentencing table); see also United States v. Monroe, 331 F.App'x 703, 705 (11th Cir. 2009) (because of defendant's status as career offender, district court required to consider, in determining whether Amendment 706 reduced guideline range, not only whether amendment reduced drug quantity base offense level, but also whether career offender guideline produced higher offense level than amended drug quantity offense level); accord United States v. Moreland, 355 F.App'x 376, 378 (11th Cir. 2009).

Because application of the amendment does not have the effect of lowering the defendant's applicable guidelines range, section 3582(c)(2) does not authorize a reduction in her sentence.  USSG §1B1.10(a)(2)(B); United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 1601 (2009) (because defendant's

---

offender because it determined that her criminal history category was VI.  See Judgment of Conviction at 5.

guidelines range was calculated pursuant to the career offender guideline, he was not

eligible for a sentence reduction under section 3582(c)(2) and Amendment 706).[2]

Respectfully submitted,

ROBERT E. O NEILL
United States Attorney

By:    /s/ Peggy Morris Ronca
PEGGY MORRIS RONCA
Assistant United States Attorney
Appellate Division
Florida Bar No. 348570
501 W. Church Street, Suite 300
Orlando, Florida  32805
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643

---

[2]In the event that the defendant suggests that the Court and United States are somehow bound by the 2008 errors that resulted in an unauthorized sentence reduction (which the United States certainly does not concede), this Court nonetheless would have the discretion to deny a further reduction in the defendant's sentence.  See Vautier, 144 F.3d at 760 ("[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guidelines range is actually reduced); accord USSG §1B1.10, comment. (backg'd) ("The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right.").  As discussed above, the defendant already has received a 44-month sentence reduction to which she was not legally entitled.  Under those circumstances, another sentence reduction would be contrary to the purposes of sentencing because it would not reflect the seriousness of her offenses, promote respect for the law, provide just punishment, or avoid unwarranted sentencing disparity, and it would ignore the sentencing ranges and other policies of the sentencing commission.  See 18 U.S.C. § 3553(a)(2).

**U.S. v. WENDY L. IRVING**                    **Case No. 6:92-cr-188-Orl-22GJK**

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2011, I electronically filed this response with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Rosemary Cakmis

Counsel for Wendy L. Irving

*s/Peggy Morris Ronca*
PEGGY MORRIS RONCA
Assistant United States Attorney
Appellate Division
Florida Bar No. 348570
501 W. Church Street, Suite 300
Orlando, Florida  32805
Telephone:    (407) 648-7500
Facsimile:    (407) 648-7643